## Hiram P. Durgin vs. Alexander Coolidge.

If two partners sign a petition in insolvency, and one of them is killed before its presentation to the court, a warrant which is afterwards issued thereon, in ignorance of his death, may be treated as having been issued on the petition of the surviving partner, and will authorize and require the messenger to take possession of all the partnership assets, wherever the same may be found, but not of the private assets of the deceased partner.

The question whether, under proceedings in insolvency instituted by a surviving partner, money found upon the person of a deceased partner, and mingled with other money which is admitted to be his own, is partnership or private property is a question of fact which if a dispute arises in reference to it, must be submitted to the jury.

CONTRACT brought by the administrator of Alonzo Gould against a coroner, to recover for certain money found by him upon the person of Gould, who was killed by being run over by railroad cars, and by him paid over to the messenger in insolvency, appointed under the circumstances hereafter stated.

At the trial in the superior court, it appeared that, shortly before the accident by which Gould was killed, he and his partner Bartlett had signed a petition in insolvency, and sent the same to be presented to the court of insolvency; that Gould was killed before its actual presentation; but the judge, in ignorance of this fact, issued his warrant in the usual form, and delivered the same to the messenger, who caused a publication of notice thereof to be made. At the time of the first publication of notice, Gould's death was known to all the parties. A considerable sum of money was found upon Gould's person, some of which belonged to him, and in reference to some there was a dispute whether it belonged to him or to the firm, and the facts testified to were reported to this court, and showed, amongst other things, that a portion of the money was received by him in payment of a debt due to the firm, and mingled with his own money.

Upon these facts, *Ames*, J., for the purposes of the trial, directed the jury to return a verdict for the plaintiff, for the full amount claimed, which they accordingly did; and the case was reported for the determination of this court.

*J. Q. A. Griffin*, for the plaintiff.

*J. W. Bacon*, for the defendant.

MERRICK, J.   The court of insolvency never acquired jurisdiction of the estate which belonged personally to Gould.   He never presented in that court any petition for the benefit of the several acts for the relief of insolvent debtors.   The authority which he gave to his attorney to present the petition which he had prepared and signed for that purpose ceased upon his death ; and, this having occurred before it was in fact offered or presented to the court, the presentment of it could not have been his act.   The warrant therefore which was issued by the court of insolvency to the messenger to take possession of his estate was erroneously issued, and it was inoperative and void.

But when the petition which had been signed both by Gould and Bartlett, who were partners, was presented to the court, Bartlett had become by the death of Gould the surviving partner ; and in that relation he was entitled to have possession of all the partnership property.   During the lifetime of both, either of them might have made an application to the court of insolvency, upon which legal proceedings might have been instituted and pursued against the estate of the partners.   Gen. Sts. *c.* 118, § 108.   It is therefore quite clear that, upon the death of one of· two partners, the survivor may rightfully apply to the court of insolvency by petition, and that thereupon due proceedings may be had for the sequestration of the partnership property, and the disposal of it for the payment of the debts due to the partnership creditors.   And the petition of Bartlett, though made in connection with Gould, must, in consequence of the death of the latter before it was presented to the court or filed in the office of the register, be considered as his, and made in his character as surviving partner.   Under a warrant issued upon such a petition, the messenger would be authorized and required to take possession of all the partnership property, wherever it might be found, and of whatsoever it should consist.   He would therefore be entitled to bank bills belonging to the partnership, and constituting a part of its assets, if found upon the person of the deceased.

Whether the bank bills or any part of them which were found upon the person of Gould after his death, were the property of

the partners in their associated relation, and consequently of Bartlett as surviving partner, was a question of fact which should have been submitted, upon the evidence in the case, to the determination of the jury. The verdict which under the direction of the court was taken for the plaintiff must therefore be set aside, and a new trial granted.